■ In the Matter of RUTH M. BERGER, Respondent, v LIPKOWITZ PROPERTY, INC., Appellant.—Order, Supreme Court, New York County, entered on March 7, 1977, granting plaintiff's application for delivery of a stock certificate representing stock in the defendant corporation unanimously reversed, on the law, and the application denied, without prejudice, as prematurely made. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff brought on a stockholder's derivative action alleging that through her parents she is the owner of 10 shares of defendant's common stock and that neither she nor her predecessors in interest had ever been issued a stock certificate. Prior to interposition of a

responsive pleading and prior to expiration of time to serve such pleading, she successfully brought on a motion to direct the defendant to deliver and issue the certificate. CPLR 3212 (subd [a]) provides that a party may move for summary judgment *after* issue has been joined. Special Term directed issuance of the stock certificate, thus determining ownership which was an issue in the main action, and thereby rendered a summary judgment. The question of standing in order to bring on the stockholder's derivative action was therefore impermissibly decided prior to the joinder of issue. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.